Cowin, J.
The defendant, Thomas Bratter, has been indicted on three counts of rape (G.L.c. 265, §22(b)) and two counts of indecent assault and battery (G.L.c. 265, §13H). The defendant has filed a motion to dismiss the indictments on the basis that the integrity of the grand jury proceedings was impaired by the Commonwealth’s failure to present to the grand jury exculpatory evidence that was in the Commonwealth’s possession. The defendant maintains that said evidence would have affected the credibility of the Commonwealth’s witnesses and would probably have influenced the grand jury’s decision to indict.
The following background facts are uncontested. At the time of the incidents in question, the alleged victim was a young woman attending the John Dewey Academy, a residential boarding school in Great Barring-ton, Massachusetts. The defendant was the president and owner of the school. He was also the alleged victim’s therapist and counselor. In April 1994, Bratter accompanied the alleged victim on a trip to visit Boston College where she had been accepted as a student. They stayed at the Sheraton Hotel in Newton, Massachusetts: and the alleged sexual acts occurred at the hotel.
The parties submitted memoranda and transcripts of the grand jury proceedings at issue. The defendant also provided the Court with a series of letters he had sent the prosecutor on the case. These letters included a four-page letter dated December 2, 1996 detailing an account of the alleged victim’s recantation of the charges. The Court reviewed the material submitted and decided that of the numerous grounds asserted by the defendant for invalidating the indictment, the most serious allegation was that involving the alleged recantation. The recantation was made by the alleged victim to a friend of hers. The Court instructed the defendant that an affidavit of the friend was necessary detailing the substance and circumstances regarding said recantation.
An affidavit of the friend was provided from which the following facts are drawn. The friend, who presently resides in New York City where she owns and operates her own restaurant, was formerly a student at John Dewey Academy. While the friend was at John Dewey Academy she and the alleged victim became close friends. Although the alleged victim was very candid with her friend about “all of her sexual activity,” the alleged victim never related anything to her friend regarding the incidents with Bratter at the time they allegedly occurred.
Shortly thereafter, during the summer of 1994, the alleged victim visited with her friend at the latter’s New York apartment. The alleged victim would occasionally stay at the friend’s apartment that summer because the alleged victim was working at a club in New York and finishing work very late, between 4:00 a.m. and 5:00 a.m.
During these visits, the alleged victim revealed the allegations against Bratter. The friend noticed several inconsistencies in the alleged victim’s statements and, at one point, confronted the alleged victim with them. The alleged victim replied: “It didn’t happen,” and confided that the genesis of the allegations was that her father had discovered her in bed with her boyfriend. Her father threatened that he would send her *222 back to John Dewey Academy.[1] The alleged victim said that if she were sent back to the Academy she would be “in trouble with Mr. Bratter” for having violated the school’s code which forbids sexual behavior between students.[2] She “panicked" and told her father that she had been sexually assaulted by Bratter. The friend revealed the above information to the defendant’s investigator and indicated that she was willing to provide testimony if needed. She also stated that she continues to have “a great deal of affection and concern” for the alleged victim.
The Commonwealth does not contest the fact that it was aware of the recantation to the friend before it completed its presentation of the case to the grand jury. Rather, the Commonwealth states that it inquired of the alleged victim regarding the conversation with the friend; the friend indicated that her comment was said “in a sarcastic manner,” in other words, that “it absolutely happened;” and that the alleged victim has never recanted to the Commonwealth or its agents.
DISCUSSION
Although generally the adequacy or competency of evidence before a grand jury is not a matter for judicial inquiry, the court is to consider whether grand jury evidence is sufficient to warrant a finding of probable cause and whether the defendant has shown that the integrity of the grand jury proceedings was impaired. An indictment will not be dismissed simply because false or deceptive evidence was presented to the grand jury. The indictment will be dismissed only if it is shown that such evidence was given to the grand jury knowingly and for the purpose of obtaining an indictment and that the false or deceptive evidence probably influenced the grand jury decision to indict. A showing of the Commonwealth’s reckless disregard of the truth leading to the presentation of false or deceptive evidence could also warrant dismissal of an indictment if it is shown that the evidence was material to the probable cause issue and that the false or deceptive evidence probably made a difference. Commonwealth v. Mayfield, 398 Mass. 615, 619-22 (1986).
Our appellate courts have also stated that: “A prosecutor may not withhold known exculpatory information which could undermine the credibility of an important witness in the eyes of a grand jury and, consequently, affect their decision to indict.” Commonwealth v. Petras, 26 Mass.App.Ct. 483, 487 (1988). In the present situation, as in most cases of sexual assault, there is no eyewitness other than the complainant and the defendant. Thus the charges depend entirely upon the alleged victim’s credibility. Bearing heavily upon that credibility is the friend’s statement regarding recantation by the complainant. Such testimony casts doubt on the only evidence against the defendant. Accordingly, it must be considered evidence which could greatly undermine the credibility of the evidence likely to affect the grand jury’s decision to indict.
The prosecutor was aware of the alleged victim’s recantation. Her remark that she was being sarcastic could apply to a one-word retort, but it is unlikely that it would apply to a detailed reply. Under the circumstances, the government could not reasonably accept that excuse and omit presenting evidence of the recantation when said recantation presented an entire scenario explaining and justifying the false accusation. The inconsistency had gone beyond the point where the government could conclude unilaterally that the inconsistencies in the victim’s statement were so unreliable that they need not be presented. The Commonwealth withheld known exculpatory information which could undermine the credibility of the alleged victim, the key witness, and thus affect the decision to indict.[3]
ORDER
For the foregoing reasons, the defendant’s motion to dismiss is ALLOWED without prejudice.

 It is not clear from the affidavit exactly why the alleged victim was no longer planning to attend John Dewey Academy at this point.

 It is not at all clear how the school would learn of the alleged victim’s sexual behavior.

 The defendant argues that the integrity of the grand jury was impaired by the Commonwealth’s failure to present other exculpatory evidence to the grand jury. Given the Court’s decision, it is not necessary to address each of these issues.